**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRANDY COZMYK,

                              Plaintiff,

v.                                              CIVIL ACTION NO.  2:11-cv-00189

FINANCIAL MANAGEMENT SERVICES, INC.,

                              Defendant.


**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant Financial Management Services, Inc.'s ("FMS") Motion for Summary Judgment [Docket 13].  For the reasons discussed below, the Motion is **GRANTED**.

**I.      Background**

      A.      *Facts*

The plaintiff alleges that the defendant Financial Management Systems, Inc. ("FMS") called her home telephone number on two separate occasions.  (Pl.'s Brief Supp. Mot. to Am. [Docket 17], at 2.)  On each occasion, FMS allegedly left a recorded message on the family answering machine—a message which she asserts revealed that she owed a debt.   (*Id.*)  Specifically, the plaintiff asserts that the message stated:

> 580-7611 to have your number removed.  If you are not Brandy Cozmyk hang up or disconnect.  If you are Brandy Cozmyk, please continue to listen to this message or press 1 at any time to speak to a representative.  There will now be a 3 second pause in this message.  By continuing to listen to this message you acknowledge that you are Brandy Cozmyk.  You should not listen to this message so other people can hear it as it contains

personal and private information.  There will now be a 3 second pause in this message to allow you to listen to the message in private.  Brandy Cozmyk this is Walter Smith from FMS, incorporate company.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me regarding an important business matter at 1-800-580-7611.

(Verified Compl. [Docket 1], ¶ 10.)  Because the messages were left on a family answering machine, Ms. Cozmyk claims that her mother, father, and brother each heard the messages before she did.  (*Id*. at 2-3.)

B.    *Procedural History*

The plaintiff initiated the instant suit on March 24, 2011.  (Verified Compl. [Docket 1].) The Complaint alleges that FMS violated 15 U.S.C. § 1692b(2), "by stating Plaintiff owes a debt on her family answering machine, and thus, disclosing Plaintiff's alleged debt to third parties." (*Id*. ¶ 12.)  The defendant filed a Motion for Summary Judgment on March 20, 2012 [Docket 13].  In response, on April 23, 2012, the plaintiff filed a Response in Opposition to Motion for Summary Judgment [Docket 15].  The plaintiff's response was filed after the 14 day period allowed for responses to motions under the Local Rules of Civil Procedure.  *See* LOCAL R. CIV. P. 7.1(a)(7).  On the same day, the plaintiff also filed a Motion to Amend Complaint [Docket 16], seeking to add a claim under 15 U.S.C. § 1692c(b).  This court denied the plaintiff's Motion to Amend on May 24, 2012.

## II.    **Summary Judgment Standard**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249 (1986).  Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

## III.    Analysis

 15 U.S.C. § 1692b states:  "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt . . . ."  15 U.S.C. § 1692b.  The defendant claims that the plaintiff has not produced evidence satisfying this element of the statute.  (Def.'s Mem. Supp. of Mot. Summ. J. [Docket 14], at 6.)  In response, the plaintiff contends that "one purpose of the message [left on the answering machine] was to learn whether the telephone

number Defendant was calling was correct."  (Pl.'s Brief Opp'n Def.'s Mot. Summ. J. [Docket 15], at 9.)  According to the plaintiff, the message's language is evidence that one of its purposes was to acquire location information about the plaintiff.  (*Id.*)  Specifically, the plaintiff asserts that first sentence of the message, which was cut short, is intended to inform a third party that he or she can call the number provided to have his or her number removed.  (*Id.*)

The FDCPA was enacted in 1977 to protect consumers from abusive debt collection practices.  15 U.S.C. § 1692; *see also* Colin Hector, Comment, *Debt Collection in the Information Age:  New Technologies and the Fair Debt Collection Practices Act*, 99 CALIF. L. REV. 1601, 1606 (2011).  It protects debtors by regulating a debt collector's communications with the debtor and with third parties.  *See Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 622 (M.D. Pa. 2010).  15 U.S.C. § 1692b governs a debt collector's communications with third parties for the purpose of obtaining location information about the consumer.  15 U.S.C. § 1692b.  The statute requires that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt . . . ."  *Id.*  "Location information" is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).  When interpreting a statute, a court must "give the terms their 'ordinary, contemporary, common meaning, absent an indication Congress intended [them] to bear some different import.'"  *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009) (quoting *N.C. ex rel. Cooper v. Tenn. Valley Auth.*, 515 F.3d 344, 351 (4th Cir. 2008)).  Accordingly, this court must give the phrase "for the purpose of acquiring location information

about the consumer" its plain and ordinary meaning. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 392 (4th Cir. 2011).

The statute's language, including the use of the word "the," indicates that the communication's primary purpose must be acquiring location information. In this case, the message states that a third party could call the debt collector to have the number removed, and it is possible that a third party could hear that statement and call the number to have his or her number removed. However, just because a possible consequence of the message is that the debt collector could learn that the phone number is not the debtor's phone number does not mean that "the purpose" of the communication is to acquire location information. *See* 15 U.S.C. § 1692b. When the message left on the answering machine is examined in its entirety, it is clear that the message was not left for the purpose of discovering the plaintiff's phone number. *See Branco v. Credit Collection Servs., Inc.*, No. S-10-1242, 2011 WL 3684503, at *3 (E.D. Cal. Aug. 23, 2011) (finding on similar facts that the plaintiff had "failed to produce any evidence demonstrating that defendant communicated with a third party 'for the purpose of acquiring location information'"). The request was only a minor part of the message, which indicates that it was not the message's primary purpose. Learning that the phone number was not the debtor's was only a possible side effect of the message. Thus, the plaintiff has failed to establish an essential element of her claim—that the purpose of the message was to acquire location information about the plaintiff. *See* 15 U.S.C. § 1692b.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 8, 2012

- 5 -

Joseph R. Goodwin, Chief Judge